IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

GEORGE QUINN,

     Appellant,

v.

DARDEN RESTAURANTS,
INC.,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2145

Opinion filed December 12, 2016.

An appeal from the Circuit Court for Alachua County.
Toby S. Monaco, Judge.

Stephen Biggie, Melbourne, for Appellant.

Anthony J. Hall and Kimberly J. Doud of Littler Mendelson, P.C., Orlando, for Appellee.

PER CURIAM.

     AFFIRMED.

BILBREY and KELSEY, JJ., CONCUR; MAKAR, J., SPECIALLY CONCURS WITH OPINION.

MAKAR, J., specially concurring.

At oral argument, counsel seeking to enforce an attorney's fees lien against George Quinn said that the basis for fees was an oral contingency fee agreement between his firm and Quinn. Even if the lien at issue was perfected in a procedurally correct manner (which appears to be the case), the fact remains that the oral contingency fee agreement would be of questionable enforceability. Rule 4-1.5, Fla. R. of Prof. Resp. (2016) (contingency fee agreements must be in writing); Chandris, S.A. v. Yanakakis, 668 So. 2d 180, 185–86 (Fla. 1995) (holding that contingency fee contract "must comply with the rule governing contingent fees in order to be enforceable. . . . a contract that fails to adhere to these requirements is against public policy and is not enforceable"). As such, I concur in affirmance.